UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                               Civil No. 2:07-13227

             Plaintiff,           Hon. John Feikens

v.                              Magistrate Steven D. Pepe

ALDO RINALDO QUADRINI and
LOUISE ANNE QUADRINI, a/k/a
LOUISE A. GILLETTE,

             Defendants.

_____/

## UNITED STATES' MOTION TO STRIKE AFFIRMATIVE DEFENSES

The United States, by its attorneys, Stephen J. Murphy, United States Attorney for the

Eastern District of Michigan, and Julia C. Pidgeon, Assistant United States Attorney, files this

brief in support of its motion, pursuant to Federal Rule of Civil Procedure 12(f), to strike as

insufficient the affirmative defenses of estoppel, res judicata, application of the Rooker-Feldman

doctrine, accord and satisfaction, laches, payment, release and waiver, all grounded in

Defendants' assertion that Defendant Aldo Quadrini's Agreement for Pretrial Diversion

precludes United States from bringing this civil action.  The factual basis and legal grounds for

this motion are discussed in the accompanying brief.

                               Respectfully submitted,

                               STEPHEN J. MURPHY
                               United States Attorney

                               s/Julia C. Pidgeon
                               JULIA C. PIDGEON
                               Assistant U.S. Attorney
                               211 W. Fort Street, Suite 2001
                               Detroit, Michigan 48226
                               Phone: (313) 226-9772
                               E-mail: Julia.Pidgeon@usdoj.gov

Dated: October 24, 2007             Penna. Lic. No. 37949

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                                  Civil No. 2:07-13227

                Plaintiff,                        Hon. John Feikens

v.                                          Magistrate Steven D. Pepe

ALDO RINALDO QUADRINI and
LOUISE ANNE QUADRINI, a/k/a
LOUISE A. GILLETTE,

                Defendants.

_____/

## BRIEF IN SUPPORT OF UNITED STATES' MOTION
## TO STRIKE AFFIRMATIVE DEFENSES

The United States, by its attorneys, Stephen J. Murphy, United States Attorney for the

Eastern District of Michigan, and Julia C. Pidgeon, Assistant United States Attorney, files this

brief in support of its motion, pursuant to Federal Rule of Civil Procedure 12(f), to strike as

insufficient the affirmative defenses of estoppel, res judicata, application of the Rooker-Feldman

doctrine, accord and satisfaction, laches, payment, release and waiver, all grounded in

Defendants' assertion that Defendant Aldo Quadrini's Agreement for Pretrial Diversion

precludes United States from bringing this civil action.

ISSUE

Whether Defendants' assertions of the affirmative defenses of estoppel, res judicata,

application of the Rooker-Feldman doctrine, accord and satisfaction, laches, payment, release

and waiver, all based on Defendant Aldo Quadrini's Agreement For Pretrial Diversion, should

be stricken as legally insufficient defenses to this related civil action under the False Claims Act?

FACTS

On December 12, 2006, Defendant Aldo Quadrini entered into an  Agreement for Pretrial

Diversion.  In the Agreement, he accepted responsibility for having committed Federal Program

Fraud in violation of Title 18 U.S.C. §641, and agreed to pay restitution of $68,957.60 to the

Social Security Administration. A copy of the Agreement for Pretrial Diversion is attached as

Exhibit A.  On March 16, 2007, the United States and defendant Aldo Quadrini entered in to a

Consent Judgment, wherein the defendant stipulated to the entry of judgment for unpaid

restitution owed to the United States in the amount of $68,957.60, in fulfillment of a term of the

Agreement for Pretrial Diversion. Defendant Aldo Quadrini stipulated to the Consent Judgment.

A copy of the Consent Judgment is attached as Exhibit B.  Neither the Agreement for Pretrial

Diversion nor the Consent Judgment made any reference to related actual or potential civil

claims.

The United States filed the complaint initiating this civil proceeding on August 2, 2007.

Naming both Aldo Quadrini and his spouse, Louise Quadrini, as defendants, the complaint

sought damages, civil penalties, and recovery of wrongfully paid monies under the False Claims

Act, 31 U.S.C. § 3729, and common law remedies, based upon false claims and statements made

by both Aldo Quadrini and Louise Quadrini to obtain payment of Social Security disability

benefits from February 1998 through March 2005. On August 22, 2007, the United States

amended the complaint to correct the number of false claims alleged.

Count I of the amended complaint alleges that Defendant Aldo Quadrini violated the

False Claims Act, 31 U.S.C. §3729(a)(1), by knowingly causing the submission of 90 false

claims for Social Security Administration disability benefits between February 1998 though

March 2005, for which he received $68,957.  As remedies for the violation alleged in this count, the complaint seeks treble damages, and a $10,000 civil penalty for each of the 90 false claims. The conduct alleged involves the same nucleus of facts as that acknowledged in the Agreement for Pretrial Diversion.  The single damages alleged is the same amount as the restitution he agreed to pay in his Agreement for Pretrial Diversion and Consent Judgment.

Count II of the amended complaint alleges that Defendants Aldo Quadrini and Louise Quadrini violated 31 U.S.C. §3729(a)(1) by knowingly causing the submission of 73 false claims to the Social Security Administration for benefits payable to Louise Quadrini for the benefit of Isabella Quadrini, their minor child.  As a result of their conduct, the defendants received Social Security Administration benefits on behalf of their minor child totaling $31,097.60, between April 1999 through March 2005. The United States asks for treble damages and a $10,000 civil penalty for each of the 73 false claims for benefits.   This conduct and these damages were not the subject of either the Pre-trial Diversion Agreement or the Consent Judgment for restitution.

Count III alleges that the Defendants conspired to defraud the United States to get all 163 false claims paid, in violation of 31 U.S.C. §3729(a)(3), thereby causing the United States to sustain single damages of $100,054.60.  For the violation alleged in this Court, the United States seeks treble damages, plus a $10,000 penalty for each false claim presented.

Counts IV, V and VI allege common law alternative claims of conversion, unjust enrichment and fraud with regard to the 163 disability claims and total benefits of $100,054.60.

On October 1, 2007, Defendants filed their Answer to the Amended Complaint.  As affirmative defenses, they assert estoppel, res judicata, application of the Rooker-Feldman doctrine, accord and satisfaction, laches, payment, release and waiver, and such other legal

theories as may later become apparent.  They alleged Defendant Aldo Quadrini's Agreement for

Pretrial Diversion as the factual basis supporting their affirmative defenses, asserting that the

Agreement precluded United States from bringing this civil action. The United States brings this

motion to strike these affirmative defenses as insufficient as a matter of law.

STANDARD

Federal Rule of Civil Procedure 12(f) commits to the court's discretion the striking from

any pleading any insufficient defense.  In this Circuit, motions to strike are granted sparingly, to

be granted only when the pleading to be stricken has no possible relationship to the controversy.

For purposes of a motion to strike, the allegations of the pleading to be stricken are deemed

admitted.  *Brown & Williamson Tobacco Corporation v. United States*, 201 F.2d 819, 821(6th

Cir. 1953).

Defendants base their affirmative defenses on the fact of an Agreement for Pretrial

Diversion executed by one the defendants.  For the reasons stated below, the execution of the

Agreement is insufficient as a matter of law under any of the affirmative defenses asserted by

Defendants to preclude the United States from bringing this False Claims Act civil action against

them.

ARGUMENT

I.      Neither the Agreement for Pretrial Diversion nor the Consent Judgment for Restitution
        equitable estop the United States from bringing this action to recover damages and
        penalties under the False Claims Act.

As a general rule, equitable estoppel is not available as a defense against the United

States.  Equitable estoppel has three elements: 1) a definite misrepresentation by a party; 2)

intended to induce reliance by another; and, 3) which did reasonably induce such reliance by the

4

other to his detriment.  *United States v. Guy*, 978 F.2d 934, 937 (6th Cir. 1992).  However,

estoppel cannot be used against the United States on the same terms as against private parties.

As the United States is not ordinarily estopped by acts of its individual officers or agents, a

showing of affirmative misconduct by a government agent is required as a basis of estoppel.

*Ibid*., citing *United States v. River Coal Company*, *Inc.,* 748 F.2d 1103, 1108 (6th Cir. 1984).

Defendants have not alleged a misrepresentation by the United States, much less some

affirmative misconduct by a government agent that would preclude this action.  They rest their

equitable estoppel defense on the fact that one of the Defendants entered into an Agreement for

Pretrial Diversion to resolve a potential criminal charge arising from the same nucleus of facts

alleged in the complaint.   The Agreement for Pretrial Diversion references only Defendant Aldo

Quadrini's violation of Title 18 U.S.C. §641, a statute prohibiting the criminal offense of Federal

Program Fraud.  The Agreement makes no reference to any other statute or cause of action.  The

Consent Judgment, wherein Defendant Aldo Quadrini agreed to pay restitution of $68,957.60 to

the Social Security Administration, was a special condition of the Agreement. Neither the

Agreement nor the Consent Judgment address the benefits the Defendants fraudulently obtained

on behalf of their minor child.  Defendants have not pleaded any facts that establish equitable

estoppel against the United States' claims in this action, therefore, the affirmative defense should

be stricken.

II.     Defendant Aldo Quadrini's Agreement for Pretrial Diversion and Consent Judgment does
        not bar as res judicata this False Claims Act civil action.

"Res judicata" is a legal doctrine addressing the preclusive effects of a prior adjudication

on a pending claim.   Two concepts are encompassed by res judicata:  issue preclusion and claim

preclusion.  Often called collateral estoppel or direct estoppel, issue preclusion refers to the

effect of a prior judgment in foreclosing relitigation of an issue of fact or law actually litigated

and decided as an essential part of the prior judgment.  Claim preclusion refers to the effect of a

judgment in foreclosing litigation of the very same claim.  *New Hampshire v. Maine*, 532 U.S.

742, 748, 121 S.Ct. 1808, 1814, 149 L.Ed.2d 968 (2001).  Claim preclusion encompasses a claim

that was not, but should have been, litigated in the earlier suit.  *Migra v. Warren City School*

*District Board of Education*, 465 U.S. 75, 77 n.1 (1984).  Issue preclusion prevents a party from

relitigating an issue of law or fact that was necessarily determined by a previous final judgment.

Claim preclusion prevents a party from relitigating the same claim or cause of action that was or

should have been asserted in an earlier proceeding that went to final judgment on the merits.

*City of Canton, Ohio v. Maynard*, 766 F.2d 236, 238 (6th Cir. 1985); *Drummond v.*

*Commissioner of Social Security*, 126 F.3d 837, 840 (6th Cir. 1997).  Embodied in the doctrine of

res judicata is the "fundamental precept of common-law adjudication" that a right, question or

fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot

be disputed in a subsequent suit between the same parties or their privies...."  *In re Fordu*, 201

F.3d 693, 702 (6th Cir. 1999), citing *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970,

59 L.Ed.2d 210 (1979).

      The principle of res judicata, in the sense of claim preclusion, does not preclude civil

actions brought subsequent to a criminal matter.  *United States v. Barnette*, 10 F.3d 1553, 1561

(11th Cir.1994) (rejecting argument that because Government could have brought its civil claims

as part of criminal proceeding, it was barred by res judicata from bringing a subsequent civil

suit.); *United States v. Peters,* 927 F.Supp. 363, 367-368 (D.Neb 1996).

Collateral estoppel likewise does not bar the United States from bringing this action.

Collateral estoppel does not apply to bar a civil suit under the False Claims Act even in those

instances where the defendant is acquitted of similar charges in the related criminal case.   *One*

*Lot Emerald Cut Stones and One Ring v. United States*, 409 U.S. 232, 235, 93 S.Ct. 489, 491,

34 L.Ed.2d 438 (1972).  By statute, however, collateral estoppel does apply to bar a defendant,

against whom final judgment is rendered in a criminal proceeding charging fraud or false

statements, from denying the essential elements of the offense in a subsequent civil proceeding

under the False Claims Act. 31 U.S.C. §3731(d).  This provision for collateral estoppel *against*

the defendant further evidences the lack of merit in Defendants' assertion that Defendant Aldo

Quadrini's Agreement for Pretrial Diversion somehow precludes the United States from bringing

this False Claims Act action.  Their assertion of the affirmative defense of res judicata should

accordingly be stricken.

III.    The Rooker-Feldman Doctrine is inapplicable to this case as no state court judgment or
        finding is involved, Defendant Aldo Quadrini having agreed to pretrial diversion for a
        federal criminal charge and having stipulated to a Consent Judgment by a federal court.

The Rooker-Feldman doctrine holds that a federal district court lacks subject matter

jurisdiction to review a state court decision or holding. It prevents "state-court losers

complaining of injuries caused by state-court judgments rendered before district court

proceedings commenced [from] inviting district court review and rejection of those judgments."

*Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280, 284 (2005).

The instant case does not involve any state court judgment or holding.  Defendants' assertion of

the affirmative defense of lack of subject matter jurisdiction based on the Rooker-Feldman

doctrine should stricken.

IV.     <u>Defendants have failed to establish the elements of accord and satisfaction.</u>

Aligned with the contract principles of offer and acceptance, the elements of the

affirmative defense of accord and satisfaction are: 1) a disputed claim; 2) a substituted

performance agreed upon and accomplished; and 3) valuable consideration.  *International*

*Union, United Auto., et al v. Yard-Man, Inc.*, 716 F.2d 1476, 1487-88 (6th Cir. 1983).  Although

not clearly stated, Defendants appear to suggest that the Agreement for Pretrial Diversion acted

as an accord and satisfaction of the United States civil claims under the False Claims Act.

However, the Agreement addressed only violations of 18 U.S.C. §641.  Claims arising under the

False Claims Act simply were not addressed in either the Agreement for Pretrial Diversion or the

Consent Judgment for restitution. Having pleaded no facts that, if proven, would establish the

elements of accord and satisfaction, this affirmative defense should be stricken.

V.      <u>Laches is not available as an affirmative defense against the United States.</u>

"[L]aches cannot defeat the government...." *United States v. Weintraub*, 613 F.2d 612,

618 (6th Cir. 1979).  This affirmative defense accordingly must be stricken.

VI.     <u>Defendant Aldo Quadrini's restitution payments serve only to offset the damages the
        United States obtains in this civil action; not to preclude the claims for damages.</u>

Defendants do not allege that they have made any payments in satisfaction of the claims

raised in this civil action.  This action seeks total damages of approximately $300,000, as well as

approximately $163,000 in penalties.  The restitution Defendant Aldo Quadrini agreed to pay is

approximately $69,000; far short of the civil damages and penalties sought.  By statute, any

amounts Defendant Aldo Quadrini pays to the Social Security Administration pursuant to his

Consent Judgment for restitution will offset any amounts recovered as compensatory damages

for the same loss in this civil proceeding for damages under the False Claims Act. 18 U.S.C.

§3664(j)(2)(A).  *See, United States v. Barnette*, 10 F.3d 1553, 1558 (11th Cir.1994).  As

Defendants cannot show payment of the United States' civil claims, the affirmative defense of

payment should be stricken.

VII.    The Agreement for Pretrial Diversion did not release the Defendants from their liability to the United States for damages and civil penalties under the False Claims Act.

Nothing in the Agreement for Pretrial Diversion or the related Consent Judgment can in

any way be construed as a release of the United States' claims for damages and penalties under

the False Claims Act. Defendants' assertion of the affirmative defense of release is entirely

unsupported by any facts alleged in their answer or affirmative  defenses, it should be stricken.

VIII.   Nothing in the Agreement for Pretrial Diversion or the Consent Judgment created a waiver of the United States' claims against Defendants under the False Claims Act.

Waiver is the intentional relinquishment of a known right.  *In re Air Crash Disaster*, 86

F.3d 498, 517 (6th Cir.1996).  The relinquishment may be express or implied by conduct.  *Jones*

*v. Jackson National Life Insurance Company*, 819 F.Supp. 1372, 1378 (W.D. Mich 1993).

Nothing in either the Agreement for Pretrial Diversion or the Consent Judgment for

restitution supports either an express or an implied waiver of the United States' claims under the

False Claims Act.   The defense must accordingly be stricken.

CONCLUSION

For these reasons, Defendants's affirmative defenses should be stricken as insufficient,

pursuant to Federal Rule of Civil Procedure 12(f).

Respectfully submitted,

STEPHEN J. MURPHY
United States Attorney

s/Julia C. Pidgeon
JULIA C. PIDGEON
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9772
E-mail: Julia.Pidgeon@usdoj.gov

Dated: October 24, 2007                         Penna. Lic. No. 37949

**CERTIFICATION OF SERVICE**

10

I hereby certify that on October 24, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

I further certify that I have mailed by U.S. mail the paper to the following non-ECF participants:

Gerald L. Decker, Esq., Attorney for Defendants, 42700 Schoenherr Road, Suite 3, Sterling Heights, Michigan 48313

s/Julia C. Pidgeon
JULIA C. PIDGEON
Assistant US Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9772
E-mail: Julia.Pidgeon@usdoj.gov
Penna. Lic. No. 37949