UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                      Case No.: 2:07-CV-13227

vs.                                      DISTRICT JUDGE. JOHN FEIKENS
                                       MAG. JUDGE STEVEN D. PEPE

ALDO RINALDO QUADRINI,
LOUISE ANNE QUADRINI,
      A/K/A/ LOUISE A. GILLETTE,

      Defendant(s).
_____/


**OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
(Dkt. # 7)**

**1.    Background and Factual Assertions:**

This civil action involves a suit brought by the United States of America (United States), on behalf of the Social Security Administration (SSA), seeking damages, civil penalties, and recovery of wrongfully paid monies from Aldo Rinaldo Quadrini and Louise Anne Quadrini, also known as Louise A. Gillette, under the False Claims Act, 31 U.S.C. § 3729, and common law remedies, based upon false claims and statements made by both Aldo Quadrini and Louise Quadrini to obtain payment of Social Security Disability Benefits from February 1998 through March 2005.

Because Defendants only admitted 4 of 49 paragraphs of Plaintiff's Amended Complaint, neither admitting or denying the bulk, what follows are largely Plaintiff's allegation and should not be considered findings of the Court. Defendants were allegedly involved in an undertaking that defrauded the SSA of $100,054.60 ($68,957.60 in disability benefits to Aldo Quadrini and $31,097 to Louise Quadrini for their minor daughter).

Aldo Quadrini signed and filed with the SSA an Application for Disability Benefits, SG-SSA-16, and filed a Disability Report, Form SSA-3368-BK, wherein he stated that he became unable to work on October 18, 1994, because of his disabling condition. He further stated that he remained unable to work as of the date of his application. In his Disability Report, signed on December 20, 1994, he further stated that he had worked for MAGO Construction from September 1990 through October 18, 1994. As a result of his Application for Disability Benefits, Aldo Quadrini became entitled to benefits in April 1995.

On April 12, 1999, Louise Quadrini signed and filed a form, Application for Child's Insurance Benefits – Life Claim, SG-SSA-4L, requesting that benefits be paid to her as representative payee for the benefit of Isabella Quadrini, a minor child, based on the claimed disability of the disabled insured worker, Aldo Quadrini.

It was later discovered that Defendant Aldo Quadrini allegedly continued to work as a manager at MAGO Construction while receiving SSA benefits. Mr. Quadrini's income was reported as paid to Mrs. Quadrini. Additionally, the Plaintiffs received numerous perks from MAGO including cell phones and vehicles.

SSA determined that Mr. Quadrini was not entitled to the 90 disability checks he received and cashed, and Mrs. Quadrini was not eligible to the 73 disability checks which she received and cashed.

Defendants do admit that on December 12, 2006, Mr. Quadrini entered into an Agreement for Pretrial Diversion in which Aldo Quadrini (Mrs. Quadrini was not a party to the agreement) agreed to pay restitution of $68,957.60. This agreement was related to a pretrial diversion on a plea that Plaintiff committed Federal Program Fraud in violation of Title 18

U.S.C. § 641.[1]

On August 1, 2007, Plaintiff filed its initial Complaint (Dkt. # 1), and on August 28, 2007, filed an amended Complaint (Dkt. # 3) which includes 6 counts: (1.) violation of False Claims Act – 31 U.S.C. § 3729(a)(1); (2.) violation of False Claims Act – 31 U.S.C. § 3729(a)(1); (3.) conspiracy; (4.) Conversion; (5.) unjust enrichment; and (6.) fraud.

On October 1, 2007, Defendants filed an Answer to the Amended Complaint with the following affirmative defenses:

> 1. Plaintiff is precluded from pursuing this civil action against defendants based on Plaintiffs's consent to enter into an Agreement for Pretrial Diversion dated December 12, 2006, such that this action is barred by estoppel, res judicata or application of the Rooker-Feldman Doctrine, accord and satisfaction, laches, payment, release, waiver or such other legal theories that become apparent through further research and/or discovery.

(Dkt. # 4, p. 11).

On October 24, 2007, Plaintiff filed a Motion to Strike Affirmative Defenses due to an insufficient defense (Dkt. # 7). Pursuant to 28 U.S.C. §636(b)(1)(B), this motion was referred to the undersigned on October 28, 2007 (Dkt. # 8).

---

[1] 18 U.S.C. § 641 provides:
Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—
Shall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case, does not exceed the sum of $1,000, he shall be fined under this title or imprisoned not more than one year, or both.
The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

## 2. Legal Analysis:

### A. *Sufficiency of Defensive Pleading under Fed. R. Civ. P. (8) & (11):*

Federal Rule of Civil Procedure 8 provides in part that:

> (b) **Defenses; Form of Denials.** A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment, the pleader shall specify so much of it as is true and material and shall deny only the remainder. . . .
>
> (c) **Affirmative Defenses.** In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

As specifically noted in Fed. R. Civ. P. 8(b), defensive pleadings are subject to the requirements of Fed. R. Civ. P. 11 which states in relevant part:

> (b) **Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances –
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
>
> (c) **Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

The Advisory Committee Notes point out: "The new language stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. The standard is one of reasonableness under the circumstances." *See Kinee v. Abraham Lincoln Fed. Sav. & Loan Ass'n*, 365 F.Supp. 975 (E.D. Pa. 1973).

### B. Plaintiff's Motion to Strike Per Fed. R. Civ. P. 12(f):

A "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[I]n order to succeed on a Rule 12(f) motion to strike surplus matter from an answer, the federal courts have established a standard under which it must be shown that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004). These motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2003).

A three part test has been developed to determine whether a federal court should strike an affirmative defense: "(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge - in other words, if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient." *Williams v. Provident Investment Counsel, Inc.*, 279 F.Supp.2d 894, 904-05 (N.D. Ohio 2003).

The Sixth Circuit has counseled that this remedy of striking defenses should be used sparingly. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) ("[Striking a defense] is a drastic remedy to be resorted to only when required for the purposes of justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.") (internal citations omitted).

*C. Twombly and Conclusory Affirmative Defenses:*

Prior to this year's cases of *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1965 (2007), and *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007), "the accepted rule" of pleading sufficiency was stated in *Conley v. Gibson*, 355 U.S. 41, 46 (1957), which stated "that a complaint should not be dismissed for failure to state a claim unless it *appears beyond doubt* that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief." (Emphasis supplied.). *Twombly* notes that under a "literal reading of *Conley*'s 'no set of facts' standard, a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Twombly* 127 S.Ct. 1955, 1968 (2007).

*Twombly* rejects this literal reading of *Conley* and requires that pleadings state sufficient facts to show not just a possible, but a "plausible" claim of relief. Instead of the 'no set of facts' standard of *Conley*, *Twombly* endorsed the standard that a complaint be plausible to the extent that from the facts alleged there is a "'reasonably founded hope'" that a plaintiff would be able to make a case," citing *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005) and its quote from *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975). Consistent with this clarification by *Twombly*, the Sixth Circuit has earlier noted that "[i]t is not enough for a

complaint under §1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); "A judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). While in deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true" *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996), the court is not required to accept as true alleged legal conclusions or unwarranted factual inferences. *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000); see also *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

This clarification by the Supreme Court that a plaintiff must plead sufficient facts to demonstrate a plausible claim, or one that has a "reasonably founded hope" of success, cannot be a pleading standard that applies only to plaintiffs. It must also apply to defendants in pleading affirmative defenses, otherwise a court could not make a Rule 12(f) determination on whether an affirmative defense is adequately pleaded under Rules 8 and/or 9 and could not determine whether the affirmative defense would withstand a Rule 12(b)(6) challenge. Thus, a wholly conclusory affirmative defense is not sufficient. Like the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a "reasonably founded hope" of success,

**3.     Factual Analysis:**

Defendants' Answer to the Plaintiff's Amended Complaint includes several deficiencies in their response that fail to comply with Fed. R. Civ. P. 11's standard that a reasonably inquiry

7

be made in providing a denial of a factual contention. *See* Fed. R. Civ. P. 11(b)(4). Plaintiff's amended complaint (Dkt. # 3) asserts the following facts:

> ¶21. The Social Security Administration determined that ALDO Quadrini was not entitled to the disability insurance benefits totaling $68,957.60 that he received from February 1998 through March 2005.
>
> ¶23. During all times relevant to this complaint, MAGO's mailing address was 1284 Parks, Oakland, Michigan 48362.
>
> ¶25. Since February 2001, Aldo and Louise Quadrini have resided at 56418 Ashbrooke, Shelby Township, Michigan.
>
> ¶26. Pursuant to an Agreement for Pretrial Diversion entered into by Aldo Quadrini on December 12, 2006, Defendant Aldo Quadrini executed a Consent Judgment, stipulating that he is indebted to the United States for unpaid restitution to the SSA in the amount of $68,957.60.

Defendants' reply to each of these responses was the same: "Defendants neither admit nor deny the allegations contained in Paragraph [insert respective number] of the Plaintiff's Complaint for the reason that they lack information or knowledge sufficient to form a belief as to the truth of said allegations."

As noted above, Rule 8(b) allows such a pleading only when "a party is without knowledge or information sufficient to form a belief as to the truth of an averment." This rule does not ask whether the attorney knows the answer to facts raised, but rather whether or not the parties to the suit have "information sufficient to form a belief as to the truth of an averment." In the present case it is doubtful that Defendant, Aldo Guadrini lacks information and knowledge about: (1) the address of where he worked and received disability checks, (2) the SSA's determination that he was not entitled to disability insurance benefits totaling $68,957.60; or (3) whether he executed a Consent Judgment, stipulating that he is indebted to the United States for

unpaid restitution to the SSA in the amount of $68,957.60. Similarly, it is doubtful that Defendants did not know the address of where they had resided since February 2001. These responses raise the question whether counsel was diligent in conducting his Rule 11 inquiry.

Other than a reference to the December 12, 2006, pre-trial diversion agreement, Defendants assert no facts to support their affirmative defenses of "estoppel, res judicata or application of the Rooker- Feldman Doctrine, accord and satisfaction, laches, payment, release, waiver or such other legal theories that become apparent through further research and/or discovery" (Dkt. # 4, p. 11).

As currently plead, it is unclear how the December 12, 2006, pre-trial diversion agreement demonstrates plausible support for the affirmative defenses alleged by both defendants to all claims of the complaint. While not referenced nor pled by Defendants, the entry of the March 17, 2007, $68,957.60 consent judgment against Aldo Guadrini – for restitution of his Title II Social Security disability overpayments (attached to Plaintiff's motion, but about which Defendants assert they have insufficient information to form a belief) – may provide a plausible affirmative defense to Defendant Aldo Guadrini regarding further efforts of the Plaintiff to obtain additional judgments against Defendant Aldo Guadrini relating to this same $68,957.60 in disability overpayments.

Because of the widespread abuse of affirmative defenses and related judicial acquiescence at times in such practices, Defendants will be given an opportunity to cure their pleading deficiencies before considering Plaintiff's Motion to strike or considering any judicially initiated sanctions under Rule 11(c) against defense counsel or Defendants. Accordingly,

1. Plaintiff's Motion to Strike Affirmative Defenses (Dkt. # 7) will be held in abeyance;

2. Defendants is permitted to file an amended response with appropriate responses and affirmative defenses or before December 14, 2007; and

2. Plaintiff will be permitted to file a supplemental brief on the motion to strike on or before December 21, 2007.

**SO ORDERED.**


Dated: December 6, 2007　　　　　　　　　　　　　　s/ Steven D. Pepe
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge


## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the E.C. system which will send notification of such filing to the following: Gerald L. Decker, Julia C. Pidgeon, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-EC. participants: not applicable

　　　　　　　　　　　　　　　　　　　　　　　James P. Peltier
　　　　　　　　　　　　　　　　　　　　　　　James P. Peltier
　　　　　　　　　　　　　　　　　　　　　　　Courtroom Deputy Clerk
　　　　　　　　　　　　　　　　　　　　　　　U.S. District Court
　　　　　　　　　　　　　　　　　　　　　　　600 Church St.
　　　　　　　　　　　　　　　　　　　　　　　Flint, MI 48502
　　　　　　　　　　　　　　　　　　　　　　　810-341-7850
　　　　　　　　　　　　　　　　　　　　　　　pete_peltier@mied.uscourts.gov