UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

        Plaintiff,

                                      Civil No. 07-13227
                                      Hon. John Feikens
       v.                                Magistrate Steven D. Pepe

ALDO RINALDO QUADRINI and
LOUISE ANN QUADRINI, a/k/a
LOUISE A. GILLETTE,

        Defendants.
_____/


**ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND
RECOMMENDATION**

I have before me Magistrate Pepe's Report and Recommendation ("Report"), recommending that I deny the Government's motion to strike Defendant Aldo Quadrini's ("Mr. Quadrini") affirmative defense of res judicata and grant the Government's motion to strike Louise Quadrini's ("Mrs. Quadrini") affirmative defense of non-joinder. The Government has filed objections to Magistrate Judge Pepe's report, arguing that I should grant its motion to strike Mr. Quadrini's res judicata defense. For the reasons set forth below, I ADOPT IN PART and REJECT IN PART Magistrate Pepe's Report and grant both the Government's motion to strike Mr. Quadrini's res judicata defense and its motion to strike Mrs. Quadrini's non-joinder defense.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

1

Mr. Quadrini was investigated by the Government concerning allegations that he committed Federal Program Fraud by wrongfully collecting social security disability payments. On December 12, 2006, Mr. Quadrini and the Government entered into an Agreement for Pretrial Diversion ("APD"). An APD is a contract wherein the Government promises not to criminally prosecute an individual in exchange for that individual's commitment to fulfill certain terms and conditions. In the APD at issue, the Government committed not to prosecute Mr. Quadrini for Federal Program Fraud if he stipulated to entry of a consent judgment acknowledging his $68,957.60 debt to the Government and agreeing to enter a repayment plan requiring monthly installments of $75. A civil action was opened and assigned to me. In March 2007, I entered the consent judgment required by the APD.

On August 1, 2007, the Government filed this civil suit against Mr. and Mrs. Quadrini alleging counts for violations of the False Claims Act, conspiracy, conversion, unjust enrichment, and fraud. The matter was originally assigned to one of my colleagues, but was reassigned to me as a companion to the consent judgment I entered against Mr. Quadrini in March 2007. The Quadrinis filed an answer to the complaint that included affirmative defenses. Mr. Quadrini raised an affirmative defense based on the doctrine of res judicata, arguing that the APD based consent judgment precluded the Government from bring related civil claims. Mrs. Quadrini raised non-joinder as an affirmative defense, asserting that the claims brought against her were based in part on the consent judgment against her husband, a judgment to which she was not a party.

The Government responded with a motion to strike both the Quadrinis' affirmative defenses. I referred the motion to Magistrate Pepe who issued his Report recommending that I

grant the motion to strike Mrs. Quadrini's non-joinder defense and deny the motion to strike Mr. Quadrini's res judicata defense. The Government filed objections to the Report asking me to grant its motion to strike Mr. Quadrini's affirmative defense. The Quadrinis have opted not to respond to the Government's objections.

## II. ANALYSIS

The issue upon which Magistrate Pepe and the Government disagree is whether a consent judgment based on an APD precludes the Government from bringing a related civil suit. For the reasons set forth below, I hold that it does not.

### A. Motions to Strike Affirmative Defenses

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading an insufficient defense." An affirmative defense is insufficient if it is impossible for a defendant to prove a set of facts in support of the affirmative defense that would defeat the complaint. See Williams v. Provident Investment Counsel, Inc., 279 F.Supp.2d 894, 904-05 (N.D.Ohio 2003).

### B. Res Judicata

The doctrine of res judicata or "claim preclusion" prohibits a plaintiff from relitigating a claim that was asserted or which could have been asserted in earlier litigation against the same defendants or their privies. Leirer v. Ohio Bureau of Motor Vehicles Compliance Unit, 246 Fed.Appx. 372, 374 (6th Cir. 2007) (citing Federated Dep't Stores v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); Mitchell v. Chapman, 343 F.3d 811, 819 (6th Cir.2003)).

Whether a federal judgment precludes a later claim under the doctrine of res judicata is determined by federal law. J.Z.G. Resources, Inc. v. Shelby Ins. Co., 84 F.3d 211, 213-14 (6th

3

Cir. 1996).

In the Sixth Circuit, res judicata has four elements: (1) a final decision on the merits; (2) a subsequent action by the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. Sanders Confectionary Products, Inc. v. Heller Financial Services, Inc., 973 F.2d 474, 480 (6th Cir. 1992) cert. denied, 506 U.S. 1079 (1993). The element at issue here is whether the action that resulted in the consent judgment and the current civil suit have "an identity of the causes of action." Id. This element is met when a suit and a subsequent suit contain rights of action that are created by the same facts and must be sustained by the same evidence. See Id. at 483-84 (quoting Westwood Chemical Company v. Kulick, 656 F.2d 1224, 1227 (6th Cir. 1981) ("To constitute a bar, there must be an identity of the causes of action that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action.")).

In this instance, the prior case was based directly on the APD that Mr. Quadrini entered with the Government. An APD resolves a criminal investigation and is analogous to a plea bargain agreement. See United States v. Warren, 594 F.2d 1046, 1049 (5th Cir.1979); Aschan v. Auger, 861 F.2d 520, 522 (8th Cir.1988); United States v. Hicks, 693 F.2d 32, 33 (5th Cir.1982); United States v. Garcia, 519 F.2d 1343, 1345 n. 2 (9th Cir.1975). The complaint and consent judgment filed in the earlier case rely entirely on the APD to establish Mr. Quadrini's liability for the $68,957.60 he owes the government. Neither contains a mention of the social security disability payments that form the basis for case that is currently before me. The consent judgment was the product of a criminal investigation and arose from the APD. The current suit

is civil in nature and arose from Mr. and Mrs. Quadrini's collection of social security disability payments. Because of this fundamental difference in the nature of the claims and the evidence necessary to establish them, the fourth element in the claim preclusion analysis is not met.

In addition, there are strong policy justifications for holding that a consent judgment based on an APD does not preclude the government from bringing a related civil suit. APDs allow individuals and the government to settle criminal matters in a mutually beneficial manner. The government is able to collect debts without having to pursue criminal matters to judgment and individuals are able to avoid being convicted of crimes. Magistrate Pepe's suggestion that the government must obtain a conviction and then seek an order of restitution under the Victim and Witness Protection Act in order to collect debts under a criminal statute and preserve the right to bring a related civil suit deprives both the government and individuals of the benefits provided by APDs.

For these reasons, I reject Magistrate Pepe's Report as it pertains to this issue.

**C. Non-Joinder**

Mrs. Quadrini did not object to Magistrate Pepe's recommendation that I grant the Government's motion to strike her affirmative defense of non-joinder because the present suit is separate and distinct from the prior litigation. I agree with Magistrate Pepe's analysis and adopt his Report as it pertains to this issue.

**CONCLUSION**

For the reasons set forth above, I ADOPT IN PART and REJECT IN PART Magistrate Pepe's Report and hereby GRANT the Government's motion to strike both Mrs. Quadrini's affirmative defense of non-joinder and its motion to strike Mr. Quadrini's affirmative defense

based on res judicata.


**IT IS SO ORDERED.**


Date:    April 11, 2008              s/John Feikens
                                     United States District Judge


> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on April 11, 2008, by U.S. first class mail or electronic means.
>
>                    s/Carol Cohron
>                    Case Manager